IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CORRINE N. WIESMUELLER and
HEATHER R. DEVAN,

                                                 OPINION AND ORDER

                     Plaintiffs,

                                                  07-cv-211-bbc

     v.

JOHN KOSUBUCKI, CHARLES H. CONSTANTINE,
JAMES A. MORRISON, MARK J. BAKER, THOMAS
M. BOYKOFF, GLENN E. CARR, STEVEN T. CLARK,
LINDA F. HOSKINS, JAMES L. HUSTON, JOSEPH
D. KEARNEY, MARY BETH KEPPEL, JOHN PRAY,
SHIRLEY S. ABRAHAMSON, JON P. WILCOX, ANN
WALSH BRADLEY, N. PATRICK CROOKS, DAVID PROSSER,
PATIENCE D. ROGGENSACK and LOUIS B. BUTLER,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Christopher L. Wiesmueller commenced a class action under 42 U.S.C. § 1983 against the members of the Wisconsin Board of Bar Examiners and the Supreme Court of Wisconsin, asserting that Wisconsin Supreme Court Rule 40.03 discriminates against interstate commerce in violation of Article I of the United States Constitution because it affords a diploma privilege in lieu of a bar examination only to lawyers graduating from Wisconsin's law schools.  Wiesmueller sought injunctive relief.

1

On June 28, 2007, Judge Shabaz granted defendants' motion to dismiss the complaint, finding as a matter of law that the diploma privilege did not violate the commerce clause. At the same time, he denied plaintiff's motion to certify a class as moot. Wiesmueller appealed, but while the appeal was pending he passed the Wisconsin bar exam, thereby mooting his claim. The Court of Appeals for the Seventh Circuit ruled that Judge Shabaz had erred in denying the class certification as moot, reversed that ruling and remanded for further proceedings.

On April 4, 2008, Christopher Wiesmueller moved to vacate the earlier decision dismissing the claims on their merits and moved to certify the class. On April 11, 2008, Magistrate Judge Crocker granted the motion of Corrine Wiesmueller and Heather Devan to intervene as plaintiffs and Christopher Wiesmueller's motion to withdraw as plaintiff and to appear as attorney for plaintiffs. On May 24, 2008, the newly substituted plaintiffs moved to dismiss the pending motion to vacate, noting that "the granting of the motion to intervene means that there is no longer a legal basis for the motion to vacate as moot. The determinations of this Court are once again subject to appeal."

Taking into account these post-remand proceedings, I conclude that the sole issue before the court is whether a class should be certified for the purpose of pursuing an appeal of Judge Shabaz's order dismissing plaintiffs' claims. I find class certification to be appropriate and therefore will order entry of judgment certifying the class and dismissing the

2

claims on the basis of the previously entered orders denying former plaintiff Christopher Wiesmueller's motion for summary judgment and granting defendants' motion to dismiss.

OPINION

Fed. R. Civ. P. 23 permits certification of a class if the prerequisites of Rule 23(a) and (b) are met. Under Rule 23(a) the proponents of the class must first demonstrate four factors: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Assuming these four prerequisites can be established, the class action is maintainable only if, in addition, one of the three parts of Rule 23(b) is satisfied.

Plaintiffs' proposed class is all persons who (1) graduated or will graduate with a professional degree in law from any law school outside Wisconsin accredited by the American Bar Association; (2) apply to the Wisconsin Board of Bar examiners for a character and fitness evaluation to practice law in Wisconsin before their law school graduation or within thirty days of their graduation; and (3) have not yet been admitted to the Wisconsin bar.

It is undisputed that this class is sufficiently numerous that joinder of all class

3

members is impractical and that the relevant questions of law and fact are the same for all class members. Defendants argue that the class should not be certified because plaintiffs have failed to demonstrate that they or their counsel can adequately represent the class, that the claims of the class representatives are typical or that the parameters of Rule 23(b)(2) are satisfied. I find that plaintiffs have adequately demonstrated all three.

On the question of adequacy of counsel, the unusual posture of the case makes the analysis different and simpler than a typical motion for class certification. In the usual case, the court must predict the likelihood that proposed counsel will preform adequately in light of counsel's past record and experience. Fed. R. Civ. P. 23(g)(1)(A). In this case, however, counsel has already preformed most of the tasks of representation, having fully briefed the pertinent legal issue and prosecuted the case to judgment in this court and successfully obtained a reversal and remand from the court of appeals. The issue of adequacy does not require a prediction of the future, but merely an assessment of counsel's performance so far. I have no difficulty concluding that counsel's representation has adequately set the issues before this court so that its ruling, and the possible subsequent ruling of the court of appeals, will constitute a full and complete legal analysis of the issues presented that will be fair to the class. His direct demonstration of competency in the case is surely pertinent and controlling within the meaning of Rule 23(g)(1)(b). Therefore, in compliance with Rule 23(g)(1), Christopher Wiesmueller will be appointed class counsel .

Defendants' objection to plaintiffs as class representatives is two-fold. First, they argue inadequacy based on plaintiffs' decision to adopt a claim that has already been rejected by this court. This argument was effectively rejected by the court of appeals: "But a district judge does not have the last word on the merits of a plaintiff's claim. The fact that he thinks it unsound doesn't mean that a class action by the plaintiff is doomed to failure." Wiesmueller v. Kosobucki, 513 F.3d 784, 786 (7th Cir. 2008). Furthermore, even if the probability of success is low, nothing is lost to plaintiffs or class members by rejection of the dormant commerce clause diploma privilege challenge and success may be gained by pursuing it. Second, defendants argue that plaintiffs' personal relationships with class counsel might create a conflict of interest. However, from all that appears in the record the interests of the named plaintiffs and class members are completely aligned, so there is no practical likelihood that the representative plaintiffs' interests might be favored over those of the class.

It is also apparent that plaintiffs' claims are typical of the class and fall precisely within the parameters of Rule 23(b)(2) because the sole issue is the constitutionality of Wisconsin's diploma privilege rule. If plaintiffs obtain the desired injunctive relief, making all applicants eligible for the diploma privilege regardless whether they attended law school in Wisconsin, it will apply equally to all class members. Defendants argue that plaintiffs' claims are not typical of the class because class members may vary with respect to whether

5

they have satisfied the specific requirements of Wisconsin Supreme Court Rule 40.03(2)(a) and (b). The requested injunctive relief, however, does not depend on these facts. Rather, the relief is directed solely to removing the barrier to allowing graduates of non-Wisconsin law schools potentially to benefit from the diploma privilege alternative to the bar exam. Whether every class member is ultimately eligible for the diploma privilege does not diminish the fact that the benefit of eliminating the Wisconsin law school requirement is identical for the representative plaintiffs and class members. Therefore, the claims of the class representatives are typical of the claims of the class. In light of the purely legal nature of the claim, the ever changing class membersip and the absence of any request for monetary damages, notice to the class is not practical or necessary under Rule 23(c)(2)(A).

Plaintiffs have withdrawn their request to vacate the prior order of dismissal, leaving it the law of the case and making entry of final judgment appropriate.

ORDER

IT IS ORDERED that a class of plaintiffs is certified, consisting of all persons who (1) graduated or will graduate with a professional degree in law from any law school outside Wisconsin accredited by the American Bar Association; (2) apply to the Wisconsin Board of Bar examiners for a character and fitness evaluation to practice law in Wisconsin before their law school graduation or within thirty days of their graduation; and, (3) have not yet been admitted to the Wisconsin bar.

FURTHER, IT IS ORDERED that Christopher L. Wiesmueller is appointed class counsel.

The clerk is directed to enter judgment dismissing plaintiffs' claims with prejudice.

Entered this 13th day of June, 2008.

                BY THE COURT:

                /s/
                _____
                BARBARA B. CRABB
                District Judge