In the United States District Court for the Western District of Wisconsin
07-C-0211

Corrine Wiesmueller,
and Heather Devan,
on behalf of themselves and a
certified class,
                Plaintiffs,

v.

John Kosobucki, *et al*
                Defendants.

Brief in Support of Motion for Partial Summary Judgment

**Summary of the Argument**

Imposing the Multistate Bar Exam and test questions related to Federal law, common law, and the Uniform Commercial Code, on out-of-state law school graduates, while excusing in-state law school graduates is effectual discrimination against out-of-state commerce. Such testing effectually burdens out-of-state interests, while benefiting in-state interests, without a rational basis for the differentiation. The Plaintiffs seek injunctive relief barring enforcement of Wis. SCR Chap 40 in a manner that effectually discriminates against interstate commerce. This motion seeks a substantial portion of that relief.

1

**Argument**

**I. In light of the Court of Appeals decision, the admitted facts in this case, and the state of the law, the examination of the Plaintiff class as to Federal and common law topics must cease.**

Plaintiffs' claims are within the outer realm of the commerce clause. *Wiesmueller v. Kosobucki,* 571 F.3d 699, 705 (7th Cir. 2009). Within the commerce clause, regulations cannot effectively, purposefully, or facially discriminate against interstate commerce. *Wiesmueller,* 571 F.3d at 703, *citing Brown-Forman Distillers Corp. v. New York St. Liquor Auth.*, 476 U.S. 573, 578-579. *See also Allstate Ins. Co. v. Abbott,* 495 F.3d 151, 160 (5th Cir 2007), *and National Ass'n of Optometrists & Opticians LensCrafters, Inc. v. Brown*, 567 F.3d 521, 525 (9th Cir 2009). Discriminatory regulations are virtually per se in valid. *Oregon Waste Systems, Inc. v. Dept. of Environmental Quality of the St. of Oregon,* 511 U.S. 93, 99 (1994). A regulation discriminates against interstate commerce when it burdens out-of-state interests, while benefiting the in-state counterparts. *Id.* In this context, the bar exam is a burden and the diploma privilege is a benefit. *Id. See also Wiesmueller*, 571 F.3d at 701.

However, a regulation is not discriminatory, if there is some rational basis apart from geography to treat in-state and out-of-state interests differently. *Hughes v. Oklahoma,* 441 U.S. 322, 337, Fn 17 (1979), *quoting Philadelphia v. New Jersey*, 437 U.S. 617, 626-27 (1979). A regulation of bar admission that impedes the mobility of lawyers must be minimally reasonable. *Wiesmueller,* 571 F.3d at 704. Therefore, it may be minimally reasonable to subject out-of-state law school graduates to Wisconsin–specific law examinations, if Wisconsin law schools teach Wisconsin law more than out-

2

of-state law schools. *Wiesmueller*, 571 F.3d at 704 & 705-06. Here, the Defendants assert that factual claim as a defense and the case is here for evidentiary determinations as to that claim. *Wiesmueller*, 571 F.3d at 704.

**A. The imposition of the MBE is unconstitutional effectual discrimination against interstate commerce and cannot be saved by the purported minimal rational basis for the discrimination.**

Regardless of the purported defense claims, there is no minimal rational basis for imposing the MBE on the ABA out-of-state law school graduates, if not also imposed on the in-state law school graduates. The imposition of the MBE on the members of the class is arbitrary and capricious. The MBE has nothing to do with Wisconsin law, and there is no, even remotely, reasonable basis on which to distinguish in-state and out-of-state ABA law school graduates, as to the general MBE subject areas. The Defendants have not claimed, nor can they, that Wisconsin law schools teach and test the national legal principles tested on the MBE more or better than law schools outside Wisconsin. In addition, the MBE tests some substantive law that is contrary to that actually in effect in Wisconsin. It is irrational to require a demonstration of knowledge of law not even applicable in Wisconsin.

Supposing that the injunction is ordered barring enforcement of the MBE requirement, the Defendants may otherwise be free to fail everyone not taking the MBE because of failure to meet the requisite score. Therefore, the injunction should also require that the requisite scoring be adjusted accordingly.[1]

---

[1] In effect, this portion of the requested injunction would also require the Defendants to pass any member of the class who also received a passing score on the essay portion alone who has not yet been admitted.

Supposing that the MBE may no longer be enforced against the class members, the Defendants should be required to reduce the bar exam fees in proportion to reduced costs in administering a bar exam without the MBE. Imposing fees related to the MBE, when the MBE itself is unconstitutionally imposed, is also discriminatory.[2]

**B. The imposition of federal and common law exam questions on out-of-state law school graduates is unconstitutional effectual discrimination against interstate commerce when not also imposed on in-state law school graduates.**

The Wisconsin Bar Exam essay portion has regularly tested Federal law topics, the Uniform Commercial Code, and occasionally common law principles. There is no minimal rational basis for imposing Federal and common law test questions on ABA out-of-state law school graduates, if not also imposed on the in-state law school graduates. The imposition of Federal and common law questions on the members of the class is arbitrary and capricious. Federal law is clearly uniform across the country and is not Wisconsin-specific. There is no, even remotely, reasonable basis on which to distinguish in-state and out-of-state ABA law school graduates, as to Federal law knowledge. The Defendants have not claimed, nor can they, that Wisconsin law schools teach and test Federal law more or better than law schools outside Wisconsin.

Likewise, there is also no minimal rational basis for imposing common law test questions on ABA out-of-state law school graduates, if not also imposed on the in-state law school graduates. While common law principles may form the underpinnings of Wisconsin law, the common law is not unique to Wisconsin. In fact, throughout

---

[2] As of this writing, there has been no discovery as to how much of the bar exam fee is attributable the MBE, but an accounting need not be done prior to the issuance of the injunction. It appears that $210 of the $450 bar admission fee is attributable to the character and fitness investigation, leaving $240 attributable for actual examination costs.

4

American legal history, common law decisions and Restatements have sought uniformity among the states. There is no, even remotely, reasonable basis on which to distinguish in-state and out-of-state ABA law school graduates, as to common law knowledge. Here again, the Defendants have not claimed, nor can they, that Wisconsin law schools teach and test common law more or better than law schools outside Wisconsin.

While the Uniform Commercial Code (UCC) has been adopted as statute in Wisconsin, it has also been adopted in all 50 states.[3] The UCC itself encourages uniformity amongst the states in interpretation of the UCC. There is no, even remotely, reasonable basis on which to distinguish in-state and out-of-state ABA law school graduates, as to UCC knowledge. The Defendants have not claimed, nor can they, that Wisconsin law schools teach and test the UCC more or better than law schools outside Wisconsin.

**C. The injunctive relief sought is appropriate.**

Ordering this injunction is appropriate. *Ex Parte Young*, 209 U.S. 123, 159-60 (1908). There is no requirement that a declaratory judgment be entered to impose prospective injunctive relief as to barring enforcement of unconstitutional practices. *See Id. Ex Parte Young* (1908) predates the Declaratory Judgment Act of 1934, embodied at 28 U.S.C. § 2001-2002. Declaratory judgment is not an exclusive remedy. *See generally* Fed. R. Civ. Pro. R. 57. In fact, injunctions and declaratory judgments are clearly distinguishable and independent from each other. *See generally Steffel v Thompson*, 415 U.S. 452 (1974).

---

[3] Though there are some minor variations of the UCC from state to state, these differences are of little consequence in this suit.

**Conclusion**

There is clearly effectual discrimination and clearly no rational basis for the differentiation, as it relates to the MBE. The next Wisconsin Bar Exam will be administered in February 2010 and it is clearly unconstitutional to impose the current exam upon the members of the class scheduled to take the February exam; therefore, this relief is urgently sought.

Respectfully Submitted,
September 16, 2009

_/s/_____
Christopher L. Wiesmueller
Wis. Bar # 1066660

PO Box 527
Waukesha, WI 53187
(262)542-4218
Fax: (262)542-1993
chriswjd@gmail.com