IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CORRINE WIESMUELLER
and HEATHER DEVAN,
on behalf of themselves and
those similarly situated,

                        Plaintiffs,

       v.

JOHN KOSOBUCKI, CHARLES H. CONSTANTINE,
JAMES A. MORRISON, MARK J. BAKER,
THOMAS M. BOYKOFF, STEVEN T. CLARK,
LINDA F. HOSKINS, JAMES L. HUSTON,
MARY BETH KEPPEL, JOHN PRAY,
SHIRLEY ABRAHAMSON, ANN WALSH BRADLEY,
PATRICK N. CROOKS, DAVID PROSSER,
PATIENCE D. ROGGENSACK, LOUIS B. BUTLER,
DANIEL D. BLINKA, KURT D. DYKSTRA
and ANNETTE K. ZIEGLER,

                        Defendants.

OPINION AND ORDER

07-cv-211-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this certified class action brought under 42 U.S.C. § 1983, plaintiffs are challenging the constitutionality of Wisconsin Supreme Court Rule 40.03, which allows graduates of law schools in Wisconsin to satisfy the legal competence requirement for practicing law by certifying that they have completed at least 84 semester credits, 60 of

1

which must cover specified topics.  Plaintiffs contend that the so-called "diploma privilege" violates the commerce clause because it discriminates against people like them who are graduates of law schools in other states.  They allege that each of the defendants "oversee[s] admission to the practice of law in Wisconsin."  Plaintiffs' motion for partial summary judgment is now before the court.

 This lawsuit was filed in 2007 by Christopher Wiesmueller, who was proceeding pro se.  In an order dated June 28, 2007, Judge John C. Shabaz granted defendants' motion to dismiss for failure to state a claim upon which relief may be granted and denied plaintiffs' motion for class certification as moot.  Wiesmueller v. Kosobucki, 07-C-211-S, 2007 WL 4882649 (W.D. Wis. 2007).

 On appeal, the court of appeals could not reach the merits because Christopher Wiesmueller had mooted his claim by becoming a member of the Wisconsin bar and there were no other named plaintiffs.  The court of appeals reversed and remanded the case to allow the district court to rule on the motion for class certification.  Wiesmueller v. Kosobucki, 513 F.3d 784 (7th Cir. 2008).

 Upon remand, the case was reassigned and Corinne Wiesmueller and Heather Devan became the new named plaintiffs, with former plaintiff Christopher Wiesmueller as their lawyer.  I concluded that "the sole issue before the court is whether a class should be certified for the purpose of pursuing an appeal of Judge Shabaz's order dismissing plaintiffs' claims."

2

<u>Wiesmueller v. Kosobucki</u>, 251 F.R.D. 365, 367 (W.D. Wis. 2008).  Accordingly, I entered judgment in favor of defendants after certifying a class for injunctive relief of

> all persons who (1) graduated or will graduate with a professional degree in law from any law school outside Wisconsin accredited by the American Bar Association; (2) apply to the Wisconsin Board of Bar examiners for a character and fitness evaluation to practice law in Wisconsin before their law school graduation or within thirty days of their graduation; and (3) have not yet been admitted to the Wisconsin bar.

<u>Id.</u> at 968.

Another appeal followed.  Defendants did not challenge the decision granting class certification, but plaintiffs reasserted the challenge to Judge Shabaz's dismissal of the complaint.  The court of appeals reversed again, concluding that plaintiffs had stated a claim upon which relief may be granted.  <u>Wiesmueller v. Kosobucki</u>, 571 F.3d 699 (7th Cir. 2009).

Only a few weeks after the court of appeals remanded the case, plaintiffs filed a document they called "Motion for Summary Judgment on Claim #2 and Partial Relief." Dkt. #71.  In their six-page brief, plaintiffs argue that "[i]mposing the MultiState Bar Exam and test questions related to Federal law, common law and the Uniform Commercial Code, on out-of-state law school graduates is effectual discrimination against out-of-state commerce." Dkt. # 74, at 1.  They ask for an injunction

> barr[ing defendants] from enforcement of the following upon recent graduates of out-of-state American Bar Association accredited law schools:

3

1.) Wis. SCR 40.04(2), which imposes the MBE;
2.) the portion of the requisite passing bar exam score attributable to the MBE;
3.) the bar examination fees attributable to the MBE; and,
4.) any examination questions testing Federal law, the Uniform Commercial Code, or common law principles.

Dkt. #71, at 2.

Plaintiffs' motion will be denied for two reasons.  First, as defendants point out, the claim advanced in plaintiffs' motion for partial summary judgment is not in their complaint. Plaintiffs' sole challenge in their complaint is to SCR 40.03, which establishes the diploma privilege; plaintiffs did *not* include a claim challenging SCR 40.04, which outlines the requirements for the bar examination.  Their only request for relief is to enjoin defendants from limiting SCR 40.03 to Wisconsin graduates.  In fact, "claim #2" does not mention SCR 40.04 or the bar examination requirements.  It states:

> [Plaintiffs] allege that Wis. SCR 40.03 effectually or purposefully violates the negative commerce clause of the Constitution. Specifically, Wis. SCR 40.03 causes graduates of law schools outside Wisconsin more expense, time, and study to gain admission to practice law in Wisconsin than those who graduate from in-state law schools. Furthermore, Wis. SCR 40.03 results in in-state law school graduates gaining higher esteem not afforded out-of state law school graduates.

Dkt. #52, at 4 ¶ 24.  Similarly, "claim #1" is that "Wis. SCR 40.03 facially violates the negative Commerce Clause of the United States Constitution by differentiating [between] law school graduates based on in-state and out-of-state origin."  Id. at ¶ 22.  Certainly, nothing in the complaint suggests that plaintiffs are challenging specific aspects of the bar

4

examination.

Plaintiffs cannot move for summary judgment on a claim that is not part of the case and for which they failed to give defendants notice.  Cf. Shanahan v. City of Chicago, 82 F.3d 776, 781 (7th Cir.1996) (plaintiff "may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment").  Plaintiffs argue that they do not need to amend their complaint because their new claim is related to their old one, but this argument cannot prevail in light of this circuit's stringent notice requirements.  E.g., EEOC  v. Lee's Log Cabin, Inc., 546 F.3d 438, 443 (7th Cir. 2008) (at summary judgment, plaintiff could not assert claim for discrimination on basis of status as person with AIDS when plaintiff alleged in complaint discrimination on basis of status as person who is HIV positive).

Even if this claim was part of the complaint, I would deny plaintiffs' motion as premature.  When plaintiffs filed their motion, this case had just been remanded from the court of appeals.  Both sides need an opportunity to develop the record in support of the positions.

Plaintiffs argue that no factual development is needed because "the Court of Appeals has already decided the underlying issues relevant to this motion."  Plts.' Br., dkt. #86, at 3.  This argument represents a fundamental misunderstanding of the procedural posture of this case on appeal as well as the content of the court of appeals' decision.

5

To begin with, the court of appeals could not have resolved the issues raised by plaintiffs' motion because plaintiffs did not *raise* those issues before the court of appeals. Further, the sole substantive question before the court of appeals was whether Judge Shabaz was correct in granting defendants' motion to dismiss for failure to state a claim upon which relief may be granted.  The court concluded that Judge Shabaz was wrong to grant the motion, but that did not mean the court "decided" *any* "underlying issues."  When a court denies a motion to dismiss, it is not concluding that the plaintiff will prevail, only that the plaintiff may go forward with his claims.

This obvious conclusion is confirmed by the decision of the court of appeals.  That court did not conclude that defendants had violated the Constitution.  The problem was that the case had been dismissed "in an evidentiary vacuum."  Wiesmueller, 571 F.3d at 704. In fact, the court emphasized that it was not resolving any issues:

> The case was dismissed prematurely, and must go back to the district court for further proceedings consistent with this opinion. We intimate no view on the ultimate outcome; we are remanding because the plaintiffs were denied an opportunity to try to prove their case.

Id. at 707.  By seeking summary judgment before discovery, plaintiffs are asking the court to repeat the mistake of deciding the case in an evidentiary vacuum.  Accordingly, plaintiffs' motion must be denied.

I raise two final issues.  The first issue relates to the parties in the case and is easily

6

resolved . Included in the long list of defendants is former Wisconsin Supreme Court Justice Louis Butler.  Presumably, defendant Butler does not "oversee admission to the practice of law in Wisconsin" as plaintiffs allege in their complaint because he is no longer a member of the supreme court.  Accordingly, plaintiffs may have until November 13, 2009, to show cause why defendant Butler should not be dismissed from the case.  If any other defendants have changed positions since plaintiffs filed the most recent complaint, plaintiffs should address those parties as well.

The second issue is more significant and relates to counsel's ability to represent the class.  When I approved counsel's request to represent the class under Fed. R. Civ. P. 23(g), I relied primarily on his familiarity with the case and his successful appeal while he was still proceeding pro se, Wiesmueller, 251 F.R.D. at 367, but this may have been a mistake. Although counsel has obtained two favorable rulings from the court of appeals, it is not clear what either of these rulings shows about counsel's ability to maintain a class action.  In neither decision did the court of appeals rely on any arguments advanced by counsel or even mention them.  Both appeals involved discrete questions of law that the court could resolve with little help from the parties.  Further, familiarity with a case is certainly a helpful attribute for class counsel to have, but it is no substitute for experience in complex litigation or an ability to commit substantial resources to the case, two important factors that I may have failed to adequately consider.  Fed. R. Civ. P. 23(g)(1)(A) (ii), (iv) (in appointing class

7

counsel court must consider "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action" and "the resources that counsel will commit to representing the class").

Unfortunately, counsel's inexperience is apparent in his motion for partial summary judgment.  That motion shows counsel's zeal to obtain relief for his clients, but it also suggests a lack of understanding of the law, procedure and appropriate litigation strategy. In addition to the problems discussed above, two other factors call into question the adequacy of counsel's representation.  First, the only evidence counsel submitted in support of his motion was his own affidavit in which he described his experiences in taking the bar examination.   As defendants point out in their motion to strike, dkt. #79, it is well established that "counsel is barred from acting as both an advocate and a witness in a single proceeding except under special circumstances."  United States v. Marshall, 75 F.3d 1097, 1106 (7th Cir. 1996).  See also Petrilli v. Drechsel, 94 F.3d 325, 330 (7th Cir. 1996).  In Wisconsin, failure to abide by this rule can result in an ethical violation.  SCR 20:3.7 Lawyer as witness ("A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client.")  Counsel does not suggest that his testimony qualifies as an exception to the rule.  In fact, he did not file

8

any response to defendants' motion to strike, suggesting his affidavit was a result of ignorance rather than calculated strategy.

Perhaps even more important, counsel's motion fails to adequately develop the arguments in support of his position.  He devotes two pages of his six-page brief to arguing that portions of the Wisconsin bar examination are unconstitutional.  In the context of that discussion, he does not cite a single case or piece of evidence.  In fact, he does little more than state that "there is no minimum rational basis for imposing the MBE" and "Federal and common law test questions on the ABA out-of-state law school graduates, if [those parts of the exam are] not also imposed on the in-state law school graduates."  Plts.' Br., dkt. #74, at 3-4.

In asking the court to enter a permanent injunction, plaintiffs' counsel does not address the factors that a court must always consider before awarding injunctive relief. eBay Inc. v. MercExchange, LLC, 547 U.S. 388 (2006) (plaintiff is not entitled to permanent injunction unless he shows:  (1) he has suffered an irreparable injury; (2) remedies available at law are inadequate to compensate for that injury; (3) considering balance of hardships between  plaintiff and defendant, remedy in equity is warranted; and (4) public interest would not be disserved by permanent injunction).  Although he includes a list of things he wants in his injunction, these are broad requests that would be insufficient to satisfy the specificity requirement in Fed. R. Civ. P. 65, a rule that counsel does not acknowledge.

9

Nuxoll ex rel. Nuxoll v. Indian Prairie School Dist. #204, 523 F.3d 668, 675 (7th Cir. 2008) ("[T]he operative terms of an injunction . . . must contain a detailed and specific statement of its terms.") (citing Fed. R. Civ. P. 65).

Some aspects of his injunction are not only vague, but nonsensical.  He asks that "Defendants [be] barred from enforcement of . . . the portion of the requisite passing bar exam score attributable to the MBE," but he fails to explain what he means by barring defendants from "enforc[ing]" a score.  He also fails to appreciate the complexities of enforcing the injunction in practice.  For example, he asks the court to strike the fees related to the MultiState Bar Examination, but then admits in a footnote that no discovery has been conducted on the portion of the bar examination fee that is attributable to the MBE.  He seems to believe that the court or defendants will work out the details for him.

Just as in any case challenging the constitutionality of government action, plaintiffs have the burden to demonstrate that defendants are violating the Constitution.  Lujan v. G & G Fire Sprinklers, Inc., 532 U.S. 189, 198-99 (2001).  Thus, a failure to meaningfully develop an argument could result in a waiver of the claim.  E.g., Fabriko Acquisition Corporation v. Prokos, 536 F.3d 605, 609 (7th Cir. 2008) ("Nor does Fabriko present any caselaw supporting its theory. It is not the job of this court to develop arguments for appellants."); General Auto Service Station v. City of Chicago, 526 F.3d 991, 1006 (7th Cir. 2008) (concluding that two-paragraph "cursory argument" was "so brief that [plaintiff] ha[d]

10

waived it"); <u>Pruitt v. City of Chicago, Illinois</u>, 472 F.3d 925, 930 (7th Cir. 2006) ("[I]nsufficient development forfeits all of these arguments. Appellate counsel must recognize that scattergun contentions are doomed to failure.")

A constitutional challenge to a longstanding state rule is not a matter to be taken lightly. The issues raised by this case are important ones that could have significant implications for any law school graduate who wishes to practice in Wisconsin. Thus, both sides must give careful consideration to any argument they advance and support that argument with persuasive reasoning and relevant authority. Although lawyers should be thoughtful and diligent in any case, counsel's obligations are significantly heightened in a class action because he represents not just the named plaintiffs but all members of the class, who will lose their ability to assert their rights if counsel is not successful.

Because this court has a duty under Rule 23 to protect the interests of the class, I believe it is necessary to intervene now before it is too late. Counsel has demonstrated promise as a young lawyer through his creativity and tenacity, but he may be in over his head. Accordingly, I will set a hearing for December 3, 2009 at 9:00 am to allow counsel to show cause why the class should not be decertified. In the meantime, I strongly encourage counsel to associate himself with another practitioner or practitioners who have the necessary experience and resources to adequately represent the class. In any event, counsel should be prepared to show that he or any lawyers he has found to assist him satisfy the

11

factors I must consider under Fed. R. Civ. P. 23(g)(1)(A).

ORDER

IT IS ORDERED that

1.  The motion for partial summary judgment filed by plaintiffs Corinne Wiesmueller and Heather Devan, dkt. #71, is DENIED.   Defendants' motion for a continuance under Fed. R. Civ. P. 56(f), dkt. #78, and their motion to strike the affidavit of Christopher Wiesmueller, dkt. #79, are DENIED as unnecessary.

2.  Plaintiffs may have until November 13, 2009, to show cause why the complaint should not be dismissed as to defendant Louis Butler.  If plaintiffs do not respond by that date, I will dismiss the complaint as to defendant Butler.

3.  The clerk of court is directed to set a hearing for December 3, 2009 at 9:00 am to allow counsel for plaintiffs to show cause why the class should not be decertified.

Entered this 30th day of October, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

12