IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CORRINE WIESMUELLER
and HEATHER DEVAN,
on behalf of themselves and
those similarly situated,

                        OPINION AND ORDER

              Plaintiffs,

                        07-cv-211-bbc

    v.

JOHN KOSOBUCKI, CHARLES H. CONSTANTINE,
JAMES A. MORRISON, MARK J. BAKER,
THOMAS M. BOYKOFF, STEVEN T. CLARK,
LINDA F. HOSKINS, JAMES L. HUSTON,
MARY BETH KEPPEL, JOHN PRAY,
SHIRLEY ABRAHAMSON, ANN WALSH BRADLEY,
N. PATRICK CROOKS, DAVID PROSSER,
PATIENCE D. ROGGENSACK, LOUIS B. BUTLER,
DANIEL D. BLINKA, KURT D. DYKSTRA
and ANNETTE K. ZIEGLER,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     In this certified class action, plaintiffs are challenging the constitutionality of Wisconsin's "diploma privilege" under Supreme Court Rule 40.03, which allows graduates of Wisconsin law schools to become members of the bar by certifying that they have completed certain classes.  In an order dated October 30, 2009, I denied plaintiffs' motion

1

for partial summary judgment because plaintiffs were seeking judgment on a claim not included in the complaint and because plaintiffs had moved for summary judgment before the record had been developed. In addition, I expressed concern over the ability of counsel for plaintiffs to adequately represent the interests of the class because of a number of substantive and procedural problems in counsel's court filings. I scheduled a hearing for December 3, 2009 to allow counsel to show cause why the class should not be decertified. In the meantime, I encouraged counsel to associate himself with other lawyers who had more experience with complex litigation and more resources available to devote to the case. Dkt. #97.

In response, plaintiffs have moved for my recusal under 28 U.S.C. § 455(a), which requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and 28 U.S.C. § 455(b)(1), which requires a judge to disqualify herself if she has "personal knowledge of disputed evidentiary facts concerning the proceeding." Plaintiffs have listed seven reasons for recusal, which are quoted below:

> (1) On November 6, 2009 Judge Crabb received a Distinguished Service Award from the UW Alumni Association, an organization which is comprised exclusively of those who were eligible for diploma privilege and comprising a significant portion of those individuals who have received the diploma privilege in Wisconsin, the very practice challenged in this lawsuit. Therefore, there is a reasonable question of the Court's impartiality, and a basis for recusal, under 28 U.S.C. §455(a).

2

(2)  The Court's ruling of October 30, 2009 now appears to narrow the sole issue in this case to how much Wisconsin law is taught at Wisconsin Law Schools. As a 1962 graduate of UW, Judge Crabb has personal knowledge of this evidentiary issue, akin to that alleged relevant by the Defendants; therefore, there is a basis for recusal, under 28 U.S.C. §455(b)(1).

(3)  The Defendants' declarations regarding the quality of Marquette and UW law schools cite to their experience with an internship program, which Judge Crabb has herself utilized. Therefore, Judge Crabb has personal knowledge of this evidentiary issue and there is a basis for recusal, under 28 U.S.C. §455(b)(1).

(4)  Judge Crabb's order of October 30, 2009 misstated the record in a manner making Plaintiffs' counsel look incompetent and criticizing Plaintiffs' counsel for actions similar to those taken by Defense counsel. Such criticism of counsel was largely undeserved, selective, abusive and excessive, and resulting in the Court's order that counsel show cause why the Plaintiff class should be dissolved. Therefore, there is a reasonable question of impartiality and a basis for recusal under 28 U.S.C. §455(a).

(5)  Judge Crabb's order of October 30, 2009 was issued without the appellate record having been returned by the Court of Appeals, demonstrating possible pre-judgment or judgment outside of the complete record, raising a reasonable question of impartiality and a basis for recusal under 28 U.S.C. §455(a).

(6)  Judge Crabb's order of October 30, 2009 notes that Justice Butler no longer is a Wisconsin Supreme Court Justice and issues an order based upon that fact. However, that fact was apparently no where in the record before Judge Crabb; therefore, there is an issue of extra-judicial sources impacting the court's order. Such extra-judicial knowledge and action upon said knowledge gives rise to a basis for recusal under 28 U.S.C. §455(b)(1). Furthermore, the Court's sua sponte order

3

>  regarding former Justice Butler leaves the impression that she is attempting to protect the interests of a former defendant, which were not adequately protected by his own attorney, giving rise to a question of impartiality under 28 U.S.C. §455(a).
>
> (7) The Court's inconsistent and contradictory handling of the class certification gives rise to a reasonable appearance that the Court lacks partiality as it relates to interests of the Plaintiff class; therefore, Judge Crabb should recuse herself.

Because plaintiffs have failed to show that any of their objections meet the standard for disqualification under § 455, their motion will be denied. This decision moots plaintiffs' request to postpone the hearing on decertification until after the motion for recusal is resolved.

Plaintiffs' first argument is that a conflict is created by an award I received from the University of Wisconsin Law Alumni Association. (In fact, the award was from the Benchers' Society, but it too is made up primarily of UW Law School graduates.) Plaintiffs might have a point if I had received an award from a group that was dedicated to preserving the diploma privilege, but the award had nothing to do with the issues in this case. Plaintiffs do not suggest that the group is involved in advocacy for maintaining the diploma privilege or even that it has taken a position on the issue. After all, as plaintiffs point out themselves, members of the group have already received the benefit of the privilege. Plaintiffs identify no interest the members have in preventing plaintiffs from receiving the privilege or even in insuring that new Wisconsin graduates receive it. United States v.

4

Morrison, 153 F.3d 34, 48 (2d Cir. 1998) ("Where an interest is not direct, but is remote, contingent, or speculative, it is not the kind of interest which reasonably brings into question a judge's impartiality.") (internal quotations and alterations omitted). Thus, the association is little different in this respect from any other group of Wisconsin lawyers. In essence, plaintiffs' argument is that an appearance of bias would be shown by any type of professional relationship with anyone who received the diploma privilege, but § 455 cannot be read to encompass relationships with such a diffuse group of people. Courts have rejected claims that much closer relationships required recusal. E.g., Wu v. Thomas, 996 F.2d 271, 275 (11th Cir. 1993) (recusal not required when judge was adjunct professor for defendant university); Morrison, 153 F.3d at 48-49 (recusal not required when judge's spouse had allegedly adversarial business relationship with defendant).

Second, plaintiffs say that I have personal knowledge of the issue whether "Wisconsin law is taught at Wisconsin Law Schools," which is an issue relevant to this case. (It is not necessarily the "sole issue" as plaintiffs suggest and the October 30 order should not be read as "narrow[ing]" the substantive arguments that either side may raise in the future.) In support of this argument, plaintiffs point out that I graduated from the University of Wisconsin Law School in 1962. According to plaintiffs, "this case should be decided by someone who did not attend and graduate from Marquette or UW law schools."

This argument has multiple problems. First, plaintiffs could have discovered when

5

this case was filed in 2007 that both judges in this district attended Wisconsin law schools. However, plaintiffs did not object to Judge Shabaz when he was presiding over the case and they did not object when the case was reassigned to this court. Plaintiffs have no explanation for the delay. Guardian Pipeline, LLC v. 950.80 Acres of Land, 525 F.3d 554, 557 (7th Cir. 2008) ("[A]rguments under § 455(a) must be presented early in the proceeding."). In any event, any lingering memories I may have of my law school classes are irrelevant to this case. The question is not what Wisconsin law schools taught in 1962; it is what they teach *now*.

Plaintiffs' third argument is somewhat confusing. It seems to be that I have personal knowledge of a relevant issue because students from Wisconsin law schools work as interns at this court as well as the Wisconsin Supreme Court. However, plaintiffs fail to explain in their one-paragraph argument how the use of interns at this court could be relevant in any way to the issues in this case. They simply cite affidavits of several members of the supreme court in which the justices aver that the supreme court has an internship program using Wisconsin law students. This court's internship program does not become an issue in the case simply because some of the defendants may have a similar internship program.

The rest of plaintiffs' arguments relate to perceived bias in the October 30 order, in which I denied plaintiffs' motion for partial summary judgment and questioned whether plaintiffs' counsel was able to adequately represent the class. Plaintiff's frustration over the

6

October 30 order is understandable. In fact, unfavorable rulings are the most common reason for seeking recusal in this court. E.g., Walls v. Holinka, 2009 WL 3064501, *1 (W.D. Wis. 2009); Austin v. Phillip Morris, USA, 2009 WL 2408375, *1 (W.D. Wis. 2009); Marion v. Radtke, 2009 WL 1373660, *5 (W.D. Wis. 2009); Edmonds v. Operating Engineers Local 139, 2008 WL 5427695, *1 (W.D. Wis. 2008); United States v. Tepoel, 2008 WL 2273726, *1 (W.D. Wis. 2008); Lindell v. Frank, 2007 WL 5303013, *2 (W.D. Wis. 2007). However, both the Supreme Court and the Court of Appeals for the Seventh Circuit have held that judicial opinions rarely provide grounds for disqualifying a judge. Liteky v. United States, 510 U.S. 540 (1994); McLaughlin v. Union Oil Co. of California, 869 F.2d 1039, 1047 (7th Cir. 1989) ("Bias cannot be inferred from a mere pattern of rulings by a judicial officer, but requires evidence that the officer had it 'in' for the party for reasons unrelated to the officer's views of the law, erroneous as that view might be."). The Supreme Court explained the rule in Liteky, 510 U.S. at 555:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

Even "judicial remarks . . . that are critical or disapproving of, or . . . hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." Id. See also

7

Hook v. McDade, 89 F.3d 350, 355-56 (7th Cir. 1996) (judge not disqualified for stating that party's motion was "offensive" and generally being critical of motion).

Plaintiffs point to nothing in the October 30 order that would make this case the exception to the "almost invariabl[e]" rule. They note the qualification in Litkey, 510 U.S. at 556, that recusal is required if comments "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible," but they omit the example the Court provided that would meet that standard, which is a judge who stated in a World War I espionage case against German-American defendants that "[o]ne must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans" because their "hearts are reeking with disloyalty." The Court concluded that recusal was *not* required in a case in which the judge "had displayed impatience, disregard for the defense and animosity" toward the defendant and his beliefs. Id. at 542-43.

Plaintiffs say that the October 30 order unfairly and inaccurately portrayed counsel's performance, but they do not deny the reasons for the court's concerns: (1) counsel filed a summary judgment motion before an opportunity for discovery (contrary to the directive of the court of appeals) and on a claim that was not part of the case; (2) counsel's arguments in support of the motion were undeveloped and supported by little authority; (3) counsel was acting as a witness in this case by filing an affidavit describing his own experiences with the bar examination; and (4) counsel failed to discuss or even acknowledge the standards for

8

obtaining a permanent injunction. As I stated in the October 30 order, these are serious deficiencies that suggest that counsel may lack the experience and resources to lead a class action.

Plaintiffs say that the court's criticism was "selective" because I did not point to any problems with the materials submitted by counsel for defendants. This observation is correct, but the reason for the focus on plaintiffs should have been obvious from the October 30 order and Rule 23 itself. The point of the October 30 order was not to assess counsel's performance for its own sake, but to fulfill the judicial duty under Rule 23 to insure that class counsel can adequately represent the interests of the class. I have no such duty to defendants, who may protect their own interests by firing their lawyer or taking other appropriate action if they believe her performance is inadequate. As counsel for plaintiffs knows, he represents not only the named plaintiffs, but also many absent class members, who have no control over the lawsuit and may not even know of its existence. It is this need to protect absent class members that is one of the primary purposes of Rule 23. Because the absent class members may lose their rights forever if class counsel fails, district courts have the obligation to determine whether class counsel's representation is adequate. Fed. R. Civ. P. 23(g). See also N.N. ex rel. S.S. v. Madison Metropolitan School District, 2009 WL 3126383, *2 (W.D. Wis. 2009) (reminding counsel for plaintiff in certified class action that "lawyers always have a duty of adequate representation to their clients,[but] these duties are

9

heightened in a class action, as counsel well knows").

Plaintiffs are wrong to suggest that I "exceed[ed] the Court's proper authority" by directing counsel to show cause why the class should not be decertified. The court's authority to protect the class does not disappear once a motion for class certification is granted. Under Fed. R. Civ. P. 23(c)(1)(C), "[a]n order that grants or denies class certification may be altered or amended before final judgment." See also Fed. R. Civ. P. 23(g)(1)(E) (district court "may make further orders in connection with the appointment" of counsel). Courts read Rule 23 to mean that district courts are not only authorized but "*required* to reassess their class rulings as the case develops." Barnes v. The American Tobacco Co., 161 F.3d 127, 140 (3d Cir. 1998) (emphasis added). See also Petrovic v. Amoco Oil Co., 200 F.3d 1140, 1145 (8th Cir. 1999) ("A district court has a duty to assure that a class once certified continues to be certifiable under Fed. R. Civ. P. 23(a)."); Richardson v. Byrd, 709 F.2d 1016, 1019 (5th Cir. 1983) ("Under Rule 23 the district court is charged with the duty of monitoring its class decisions in light of the evidentiary development of the case.") No other rule makes any sense. If the court's obligations under Rule 23 mean anything, a court cannot simply turn a blind eye to evidence demonstrating that the class no longer meets the requirements for certification in the rule, including the requirement of adequate class counsel.

For the sake of completeness, I briefly address plaintiffs' arguments that the court

10

acted improperly by ruling on the motion for summary judgment before the appellate record was returned to this court and by directing plaintiffs to show cause why defendant Louis Butler should not be dismissed from the case because he is no longer a member of the supreme court. First, I decided plaintiffs' motion for summary judgment two weeks after the parties finished briefing the motion. Plaintiffs' argument about the appellate record is puzzling because nothing in that record was necessary to decide the motion and plaintiffs do not suggest otherwise. Although plaintiffs cited one affidavit that was in the appellate record (another affidavit from counsel himself), that affidavit related to the merits of plaintiffs' motion, which I did not reach.

Plaintiffs' arguments regarding former Justice Butler are equally puzzling. That portion of the order simply directed counsel for plaintiffs to correct the caption to reflect any changes that had been made since the appeal, a practice that is authorized by Fed. R. Civ. P. 25. Plaintiffs seem to acknowledge the unexceptional nature of such a change on one page of their brief (by stating that the change did not affect the rights of the parties), but then go on to argue the opposite by saying that the court has "become an advocate for former-Justice Butler's interests" by directing plaintiffs to explain whether defendant Butler should remain a defendant. Plaintiffs do not acknowledge the tension in their positions. In any event, it is a common practice of this court to ask the plaintiff to insure that the caption is correct when it seems that a party is improperly named. E.g., Elborough v. Evansville Community

School District, 636 F. Supp. 2d 812, 826 (W.D. Wis. 2009); Estates of Briney ex rel. Clay v. Mr. Heater Corp., 602 F. Supp. 2d 997, 1005 (W.D. Wis. 2009); Siefert v. Alexander, 2008 WL 4862081, *2 (W.D. Wis. 2008). Because it is in the best interests of all the parties to have the correct defendants in the lawsuit, plaintiffs cannot rely on this part of the October 30 order to support their motion for recusal.

ORDER

IT IS ORDERED that

1. The motion for recusal filed by plaintiffs Corrine Wiesmueller and Heather Devan, dkt. #101, is DENIED.

2. Plaintiffs' motion to postpone the decertification hearing until after the motion for recusal is resolved, dkt. #103, is DENIED as moot.

Entered this 1st day of December, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge