IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CORRINE WIESMUELLER
and HEATHER DEVAN,
on behalf of themselves and
those similarly situated,

                              ORDER

           Plaintiffs,

                            07-cv-211-bbc

    v.

JOHN KOSOBUCKI, CHARLES H. CONSTANTINE,
JAMES A. MORRISON, MARK J. BAKER,
THOMAS M. BOYKOFF, STEVEN T. CLARK,
LINDA F. HOSKINS, JAMES L. HUSTON,
MARY BETH KEPPEL, JOHN PRAY,
SHIRLEY ABRAHAMSON, ANN WALSH BRADLEY,
N. PATRICK CROOKS, DAVID PROSSER,
PATIENCE D. ROGGENSACK, LOUIS B. BUTLER,
DANIEL D. BLINKA, KURT D. DYKSTRA
and ANNETTE K. ZIEGLER,


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the court's order for plaintiffs' counsel to show cause why the plaintiff class should not be decertified was held on December 3, 2009, before U.S. District Judge Barbara B. Crabb.  Plaintiffs' counsel, Christopher L. Wiesmueller, was present in person. Defendants were represented by Jennifer Sloan Lattis, Assistant Attorney General for the

1

State of Wisconsin. I issued the order out of concern that counsel was not sufficiently experienced in federal class action litigation or well enough versed in federal court practice in general to represent the interests of the class fairly and reasonably, as required under Fed. R. Civ. P. 23(g)(4).

Although I had urged Mr. Wiesmueller to associate himself with a lawyer more experienced in class action practice and one with greater economic resources to bear the costs that a class action entails, he had not done so as of the hearing and he did not indicate to the court that he had any attention of doing so. He acknowledged that he would have difficulty pursuing both of the claims raised by the class in the complaint, but that he would voluntarily dismiss the second claim and confine his effort to the theory that the state's diploma privilege violates the commerce clause on its face. He seemed to think that this approach would reduce the amount of discovery that would be necessary, because the case could be decided essentially on the pleadings. I need not decide whether this would be true, because it is evident that, as well intentioned as Mr. Wiesmueller is, his pleadings and his lack of familiarity with federal court procedures demonstrate that he is not yet ready to prosecute a constitutional class action.

In the October 30, 2009 order denying plaintiffs' motion for summary judgment and directing plaintiffs to show cause why the class should not be decertified and in the December 2, 2009 order denying plaintiffs' motion for recusal, I identified a number of

2

deficiencies in Mr. Wiesmueller's representation of the class, both major and minor. Among the minor ones, plaintiffs' counsel failed to notify the court until November 13, 2009, that plaintiff Heather Devan was no longer a member of the class and therefore, not a proper class representative, despite the fact that she dropped out of the class by passing the Wisconsin bar examination, while the case was on appeal. He did not notify the court that he was no longer with the firm he had been working for and he has never told the court what law firm, if any, he is working for at present. He described this second failure as not being a high priority when he was busy establishing his own practice. This oversight is totally understandable, but it undercuts his attempt to show that he is capable of managing a class action.

As I explained to Mr. Wiesmueller, my decision that decertification is necessary to protect the interests of the unknown class members does not prevent him from pursuing his challenge to the diploma privilege. So long as one person is willing to challenge that privilege, Mr. Wiesmueller can pursue the challenge on that person's behalf. If this court and the court of appeals agree with the plaintiff that the diploma privilege violates the United States Constitution, it is unlikely that defendants would maintain the privilege.

Two procedural matters need to be addressed. Plaintiffs have moved to voluntarily dismiss named plaintiff Heather Devan from the lawsuit and to substitute MichaelGableman for Louis Butler as a defendant. Those motions will be granted.

3

ORDER

IT IS ORDERED that the class certified by this court in the order entered on June 16, 2008, is decertified for the failure of plaintiffs' failure to show that their counsel is capable of representing the interests of the plaintiff class fairly and reasonably or that they could find substitute counsel who would be capable of doing so; the case shall proceed under the caption, "Corrine Wiesmueller v. Kosobucki et al."

FURTHER, IT IS ORDERED that plaintiffs' motions to dismiss plaintiff Heather Devan and to substitute Michael Gableman for Louis Butler as a defendant are GRANTED.

Entered this 3rd day of December, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4